IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **ALLEN GARRARD, individually and on behalf of all other similarly situated,** | ) ) ) | |
| **Plaintiff,** | ) ) | No. 20 C 00612 |
| v. | ) ) | Magistrate Judge Jeffrey Cole |
| **RUST-OLEUM CORPORATION,** | ) ) ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

On the morning of January 31st, I set a briefing schedule for the plaintiff's motion to compel discovery from defendants. Review of the plaintiff's motion indicated that the parties had been haggling over routine discovery matters for months and had drawn lines in the sand. As the defendant had had so much time to formulate its positions on plaintiff's requests, and was represented by a team of five lawyers from two very large law firms, I allowed the defendant four days to file its response. After all, under ordinary circumstances, the defendant would get perhaps two days' notice and have to be prepared to argue at a motion hearing. N.D.Ill. Local Rule 5.3. But, by close of business on the day I entered the scheduling order, defendant filed a motion for a week-long extension, arguing that the case was extraordinarily complex and pointing out that the dispute was spread across some 30 discovery requests. While one could easily quibble with the defendant's first point – this case is about paint peeling off decks and porches – the second point gave the court pause.

Local Rule 37.2 demands not only that attorneys negotiate to resolve their discovery disputes, but requires them to do so *in good faith*. In this instance, the attorneys have spoken on the phone just

three times over the course of six months and have barely budged, if at all. That's inadequate on its face. *See, e.g., Gunn v. Stevens Security & Training Servs., Inc.*, 2018 WL 1737518, at *3 (N.D. Ill. 2018)("A party that steadfastly maintains a position without support is not engaging in a good faith discussion."); *Chicago Reg. Council of Carpenters Pension Fund v. Celtic Floor Covering, Inc.*, 316 F.Supp.3d 1044, 1046 (N.D. Ill. 2018)("An ultimatum on one side, met with steadfast defiance on the other, is not a good faith discussion."); *Infowhyse GmbH v. Fleetwood Grp.*, 2016 WL 4063168, at *1 (N.D. Ill. 2016)("... adamantly clinging to the positions with which they began" amounts to a failure "to comply, in good faith, with the requirements of Local Rule 37.2."). The fact that they have left disputes over *thirty* discovery requests for the court to resolves further undermines any claims they might have of negotiating in good faith. *See, e.g., Art Akiane LLC. v. Art & SoulWorks LLC*, 2020 WL 5604064, at *1 (N.D. Ill. 2020)(size of dispute brought to the court is evidence of parties' failure to confer in good faith); *Kinon Surface Design v. Hyatt International Corp.*, No. 19 C 7736, 2022 WL 787956, at *1 (N.D. Ill. Mar. 15, 2022)("Obviously, the fact that some twenty disputes remain makes the plaintiff's claims of compliance with the Local Rule open to serious question."). The email exchanges between the attorneys prove that to a further degree. [Dkt. #78-4 ("The shriller the argument the weaker the position; your email is certainly no exception. The accusation that we're not meeting our obligations has no basis. What bizarro world are we in when plaintiffs complain that the defendant used the exact set of search terms plaintiffs proposed, negotiated, and agreed to?"; "I will not engage on your snide comments (including the tired Superman Bizarro World comment). None of my accusations were "false" or "irresponsible" – they are reality.").

So, it is clear that the attorneys have work to do. The referral from Judge Pacold was for "discovery supervision," not hand-holding. *See Kinon Surface Design*, 2022 WL 787956, at *3; *Williams v. Ests. of Hyde Park, LLC*, 2020 WL 5702297, at *1 (N.D. Ill. 2020). Accordingly,4 At the very least the court expects the parties to get to a point where their squabble is crystalized and far more manageable for the court than where it is now. It will behoove them to do so as the resolution of any disputes that might remain will be a matter of the court's vast discretion. The court has vast discretion to resolve their disputes. *Kuttner v. Zaruba*, 819 F.3d 970, 974 (7th Cir. 2016); *James v. Hyatt Regency Chicago*, 707 F.3d 775, 784 (7th Cir. 2013). That discretion means there is no "right" or "wrong" answer, and that is why it is ideal for parties to work out their difficulties. *See Ledo's Pizza Sys., Inc. v. Ledo's, Inc.*, 2022 WL 159559, at *1 (N.D. Ill. 2022); *Stagger v. Experian Info. Sols., Inc.*, 2021 WL 5299791, at *2 (N.D. Ill. 2021). Absent a negotiated agreement between counsel, the "loser" on a discovery motion might be "right" – in the judgment of some abstract decision makers – but "wrong" in the eyes of another, and thus will have little or no effective recourse given the discretionary nature of discovery motions in general. *See LKQ Corp. v. Gen. Motors Co.*, 2021 WL 4125097, at *1 (N.D. Ill. 2021)("Indeed, a party can only overturn a discovery ruling where there has been a mistake of law or an "abuse of discretion." Rule 72(a), Federal Rules of Civil Procedure. As to the latter, it occurs when no reasonable person could agree with the district court's decision.").

As the parties return to the drawing board, a couple of further points are worth making. Simply repeating that relevance in discovery is broad resolves nothing and does not advance analysis one wit. As Justice Holmes said in another context, "general propositions do not decide concrete cases." Moreover, discovery is not hemmed in by relevance alone. Discovery must also be "proportional to

the needs of the case, considering the importance of the issues at stake in the action." Fed.R.Civ.P. 26(b)(1). As to the defendant, boilerplate, unamplified objections will, as always, be summarily rejected if renewed. *Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 219 (7th Cir. 2015)(court did not abuse its discretion in deeming facts admitted where plaintiff "provided only boilerplate objections, such as 'relevance' and 'vague and ambiguous.' "); *Stagger v. Experian Info. Sols., Inc.*, No. 21 C 2001, 2021 WL 5564867, at *2 (N.D. Ill. Nov. 29, 2021); *Zambrano v. Sparkplug Cap.*, LLC, No. 19 CV 100, 2020 WL 1847396, at *1 (N.D. Ill. Apr. 13, 2020). the defendant's motion for an extension of time [Dkt. #80] is denied and the briefing schedule [Dkt. #79] is stricken. The plaintiff's motion to compel [Dkt. #78] is denied without prejudice to refiling in the unlikely event the parties are unable to work out their differences. A video Status hearing is set for February 21, 2023 at 10:00 a.m. for the parties to report on their progress.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 2/2/23

4